1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH P. MELEHAN, et al., <br><br> Defendants. | Case No. 5:16-cv-04064-HRL <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION FOR SERVICE BY PUBLICATION** <br> Re: Dkt. No. 15 |

Plaintiff Scott Johnson sues under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*., and related state law.  He alleges that architectural barriers at a shopping center in San Jose, California owned by defendants prevented him from enjoying full and equal access at the facility.  Johnson says that despite numerous service attempts, he has been unable to serve any of the defendants.  He moves for an order permitting service by publication.

Fed. R. Civ. P. 4 permits service of process as allowed by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In California, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that," as relevant here, "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

United States District Court
Northern District of California

Cal. Code Civ. Proc. § 415.50(a).  "Other methods [of service under California law] include personal service, substitute service on a person found at the defendant's usual residence or place of business and subsequent mailing, service by mail with confirmation of receipt, and service by mail on defendants outside the state of California."  *Cummings v. Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *1 (N.D. Cal., Sept. 13, 2016); Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.40.

> Because of due process concerns, service by publication is allowed only as a last resort:
>
> > [T]he least likely [method of service] to succeed in notifying the defendant of an action against him is service by publication.  For this reason, a court must first be convinced that the party to be served "cannot with reasonable diligence be served in another manner specified in [Article 3]." (§ 415.50.)  "If a defendant's address is ascertainable, a method of service superior to publication must be employed, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort." (*Watts v. Crawford*, [10 Cal. 4th 743, 749 n.5 (1995)] ).  In this context, " '[t]he term "reasonable diligence" . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.  [Citations.]  A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories [voters' registries and the assessor's office property indices situated near the defendant's last known location] generally are sufficient.' " (*Ibid.* quoting Judicial Council com., § 415.50.)

*Cummings*, 2016 WL 4762208 at *2 (quoting *Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337-38 (2013)).

Here, plaintiff's counsel avers that they searched business and property records using the TransUnion/TLO XP search engine's California Ultimate Weapon Database and discovered two mailing addresses (one in San Jose, California and one in Truckee, California) for defendant Melehan, as well as one address for defendant Machado in Los Gatos, California.  (Dkt. 15-1, Allen Decl., ¶¶ 2-4).  Counsel further states that they hired process servers, who reportedly attempted service on defendant Melehan eight times at the San Jose address and six times at the address in Truckee, without success.  (*Id.* ¶ 5-7).  Counsel then sent a Notice of Acknowledgement and Receipt of Summons and Complaint to Melehan at both addresses, but did not receive a signed or returned notice.  (*Id.* ¶¶ 8-9).  Similarly, after seven unsuccessful service attempts reportedly were made at defendant Machado's Los Gatos address, counsel mailed a Notice of

2

1   Acknowledgement and Receipt of Summons and Complaint to Machado, but did not receive a

2   signed or returned notice.  (*Id.* ¶¶ 10-11, 13).  The process server reportedly made two further

3   service attempts on Machado, without success.  (*Id.* ¶ 12).

4        Plaintiff's motion for service by publication will be denied without prejudice because the

5   present application suffers from two chief deficiencies:

6        1.  Counsel has submitted process server affidavits attesting to service attempts, but

7          the affidavits are not signed.

8        2.  As discussed above, in addition to due diligence, plaintiff must also demonstrate

9          that "[a] cause of action exists against the party upon whom service is to be made

10          or he or she is a necessary or proper party to the action." Cal. Code Civ. Proc. §

11          415.50(a).  In order to meet this requirement, plaintiff "must offer 'independent

12          evidentiary support, in the form of a sworn statement of facts, for the existence of a

13          cause of action against the defendant.'" *Cummings*, 2016 WL 4762208 at *2

14          (citing cases); *Harris v. Cavasso*, 68 Cal. App.3d 723, 726 (1977) (holding that

15          Section 415.50(a)(1) requires "an affidavit containing a statement of some fact

16          which would be legal evidence, having some appreciable tendency to make the [the

17          cause of action] appear, for the Judge to act upon before he has any jurisdiction to

18          make the order" authorizing service by publication).  Here, plaintiff has submitted

19          his counsel's declaration attesting to the efforts made to locate and serve the

20          defendants, but otherwise relies solely on the allegations of his complaint.  That is

21          not sufficient.  *See Cummings*, 2016 WL 4762208 at *3 (denying an application for

22          service by publication where plaintiff submitted her counsel's disclosure statement

23          that did not purport to be an affidavit, was not sworn, and did not demonstrate

24          counsel's personal knowledge of the facts at issue).

25        If plaintiff chooses to renew his motion for service by publication, he must file his renewed

26

27

28

United States District Court
Northern District of California

motion by March 27, 2017.

SO ORDERED.

Dated:  March 14, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

4