1  **PAHL & McCAY**
A Professional Law Corporation
2  **Sarahann Shapiro, Esq.** (State Bar No. 157122)
**Eric J. Stephenson, Esq.** (State Bar No. 282305)
3  225 West Santa Clara Street
Suite 1500
4  San Jose, California 95113-1752
Telephone:  (408) 286-5100
5  Facsimile:   (408) 286-5722
Email:  sshapiro@pahl-mccay.com
6          estephenson@pahl-mccay.com

7  Attorneys for Defendants
JOSEPH P. MELEHAN and
8  MAUREEN MELEHAN MACHADO

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SAN JOSE DIVISION**

12  SCOTT JOHNSON                    )  Case No.  5:16-cv-04064-HRL
                                     )
13             Plaintiff             )  **MEMORANDUM OF POINTS AND**
                                     )  **AUTHORITIES IN SUPPORT OF**
14  v.                               )  **MOTION TO DISMISS PLAINTIFF'S**
                                     )  **COMPLAINT PURSUANT TO FEDERAL**
15  JOSEPH P. MELEHAN, Trustee of the )  **RULES OF CIVIL PROCEDURE 12(b)(1)**
    Patricia Melehan Trust; MAUREEN  )  **AND 12(b)(6)**
16  MELEHAN MACHADO, Trustee of the  )
    Patricia Melehan Trust,          )
17                                   )
               Defendants           )  Date:  August 22, 2017
18                                   )  Time: 10:00 a.m.
                                     )  Assigned to: Hon. Harold R. Lloyd
19                                   )  Dept: Courtroom 2, 5th Fl
                                     )
20                                   )  Action Filed: July 19, 2016
                                     )  Trial Date: TBA
21

22                          **I.**

23                    **INTRODUCTION**

24      Defendants Joseph P. Melehan and Maureen Melehan Machado hereby submit this

25  Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's

26  Complaint because the Complaint is moot.  The access barriers alleged in the Complaint do not

27  currently exist and the court therefore lacks subject matter jurisdiction. Furthermore, Joseph P.

28  Melehan and Maureen Melehan Machado are prejudiced by Plaintiff's delay of more than two

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

2537/011 -
00550192.DOCX.1

1  years in serving them with the Complaint, as this delay has resulted in the loss and degradation of

2  evidence which they would need to provide a defense to the Complaint. Given the above,

3  Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice pursuant to

4  Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**II.**

**STATEMENT OF FACTS**

7  Plaintiff filed his Complaint on or about July 19, 2016.  Defendants were served on or

8  about May 31, 2017, following the completion of Plaintiff's service by publication. [Request for

9  Judicial Notice ("RJN") No.1, Exhibit A.]

10  The Complaint alleges that Defendants have engaged in discrimination proscribed by the

11  Americans with Disabilities Act ("ADA") and California's Unruh Act. Plaintiff alleges that he

12  visited the shopping center located at 1224-1228 South Bascom Avenue in San Jose, California

13  (the "Shopping Center") on several occasions, starting in March 2015, and encountered access

14  barriers in the Shopping Center's parking lot. Specifically, Plaintiff alleges that:

15  a)  the Shopping Center parking lot contains only one standard

16      disabled parking space, which:

17      i)  measures less than 216 inches in length;

18      ii)  lacks adjacent aisle access;

19      iii)  lacks signage in the standard disable parking space which states the minimum $250 fine;

20

21      iv)  lacks signage that unauthorized vehicle will be towed;

22      v)  is not located closest to the accessible entrance it serves;

       b)  the Shopping Center parking lot lacks a van accessible

23          parking space. [Plaintiff's Complaint, RJN No. 2, Exhibit B.]

24

25  Plaintiff also alleges a cause of action under California's Unruh Act, solely as a

26  consequence of Plaintiff's allegations under the ADA, stating "because the defendants violated the

27  plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for

28  damages." [Plaintiff's Complaint, ¶117.]

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

2537/011 -
00550192.DOCX.1

-------------------- 2 --------------------
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT . . .**       (Case No. 5:16-cv-04064-HRL)

1    Following receipt of the Complaint, Defendants hired a Certified Access Specialist

2    ("CASp") to determine whether any of the access barriers as alleged in Plaintiff's Complaint

3    actually exist at the Shopping Center. [Declaration of Jerred O'Connell ("O'Connell Dec.") ¶3.].

4    The CASp report, dated June 14, 2017, found that none of the barriers alleged by Plaintiff in the

5    Complaint are currently present. [O'Connell Dec., ¶4, Exhibit A.] Defendants are also unable to

6    determine whether these barriers existed in 2015.  Plaintiff's allegations start from that year and

7    Defendants have no documentation as to the condition of the Shopping Center in 2015, nor any

8    way to collect evidence as to the Shopping Center's condition from so long ago. [O'Connell Dec.,

9    ¶5.]

10    ### III.

11    ### LEGAL ARGUMENT

12  **A.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK
         OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P.**
13       **12(b)(1).**

14       **1.    The Court Lacks Subject Matter Jurisdiction Over a Case That
               Is Moot.**
15

16    Mootness is a "jurisdictional issue addressed at the threshold." United States v. Strong, 489

17    F. 3d 1055, 1059 (9th Cir. 2007). A case is rendered moot when the issues presented are no longer

18    "live" or the parties lack a legally cognizable interest in the outcome. Norman-Bloodsaw v.

19    Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998). In other words, a case is moot

20    where there is no reasonable expectation that an alleged violation will recur, and where interim

21    relief or events have completely and irrevocably eradicated the effects of the alleged violation.

22    America Cargo Transport, Inc. v. United States, 625 F.3d 1176, 1179 (9th Cir. 2010), citing

23    County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). In deciding the mootness issue, the

24    question is not whether the relief sought at the time the complaint was filed is still available, but

25    rather "whether there is a *present* controversy as to which effective relief can be granted."

26    Northwest Environmental Defense Center v. Gordon, 849 F.2d 1241, 1244-45 (9th Cir. 1988).

27    A mootness claim is properly raised in a motion to dismiss a plaintiff's complaint. Fed. R.

28    Civ. P. 12(b)(1). A motion to dismiss based on the lack of subject-matter jurisdiction can brought

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

2537/011 -
00550192.DOCX.1

-------------------- 3 --------------------
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT . . .**    (Case No. 5:16-cv-04064-HRL)

1    as either a "facial" or "factual" attack on the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th

2    Cir. 2000).  A motion to dismiss that utilizes a factual attack provides evidence that an alleged fact

3    in the complaint is false, thereby resulting in a lack of subject-matter jurisdiction. Safe Air For

4    Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a motion to dismiss

5    based on a factual attack, the allegations of the complaint are not presumed to be true, and the

6    court is not restricted to considering the face of the pleadings alone: instead, the court may review

7    "any evidence, such as affidavits and testimony, to resolve factual disputes concerning the

8    existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

9          **2.      Plaintiff's Claims Against Defendants Are Moot**
            **Because The Supposed Barriers Alleged In Plaintiff's Complaint**
10           **Do Not Exist.**

11         In the context of a complaint brought under the ADA, "because a private plaintiff can sue

12   only for injunctive relief (i.e. for removal of the barrier) under the ADA, a defendant's voluntary

13   removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."

14   Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).

15         The United States District Court for the Southern District of California applied the above

16   principles in the case of Brooke v. Kalthia Group, where a plaintiff's ADA complaint was

17   dismissed for lack of subject matter jurisdiction. There, the plaintiff was a disabled person who

18   required the use of a wheelchair, who attempted to sue the defendant hotel for violations of the

19   ADA relating to access to the hotel's pool and Jacuzzi. The Court granted defendant's motion to

20   dismiss under Fed. R. Civ. P. 12(b)(1) on the grounds that the case was moot, as the defendant had

21   submitted a declaration with its reply brief which stated that the alleged access barriers in the

22   plaintiff's complaint had already been corrected. 2015 WL 7302736.

23         A plaintiff filing a complaint under the ADA, moreover, cannot escape the mootness issue

24   by alleging that the premises at issue contains other access barriers, in addition to those already

25   correct by the defendant, which were not identified in the complaint. A complaint must contain a

26   "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

27   P. 8. This rule has been interpreted to mean that the complaint must provide the defendant with

28   "fair notice of what the…claim is and the grounds upon which it rests." Oliver, 654 F.3d, 908,

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

2537/011 -
00550192.DOCX.1

-------------------                                  4                                  -------------------
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT . . .**      (Case No. 5:16-cv-04064-HRL)

1   citing <u>Bell Atlantic Corp v. Twombly</u>, 540 U.S. 544, 555 (2007).  In order for a complaint alleging

2   violations under the ADA to meet this standard, the complaint must specify each feature alleged to

3   be non-compliant, in order to provide fair notice to the defendant. In <u>Oliver</u>, the defendant grocery

4   store had corrected several alleged access barriers immediately after being served with the

5   plaintiff's ADA complaint, leading the plaintiff to hire an expert to inspect the premises and create

6   a report which found several new access barriers not listed in the complaint. The court, however,

7   declined to consider these additional access barriers, on the grounds that these alleged barriers

8   were not listed in the complaint, and thus defendant did not receive adequate notice of those

9   barriers under Fed. R. Civ. P. 8. <u>Oliver</u>, 654 F.3d. at 908-909.

10         Here, following Plaintiff's service of the Complaint, Defendants hired a Certified Access

11   Specialist who inspected the Shopping Center and determined that none of the access barriers

12   alleged in Plaintiff's Complaint exist. [O'Connell Dec., ¶¶3,4.] The injunctive relief requested by

13   Plaintiff, i.e. the removal of barriers which are not actually present, is therefore impossible for the

14   Court to grant, and Plaintiff's Complaint is rendered moot. The Court, moreover, may only

15   consider the access barriers of which Defendants received notice in Plaintiff's Complaint.

16   Plaintiff may not now allege additional access barriers at the Shopping Center in an attempt to

17   avoid the mootness issue. Defendants therefore respectfully request that the Court dismiss

18   Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), as the Court lacks subject matter

19   jurisdiction in this case.

20   **B.    PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED
        FOR LACK OF SUPPLEMENTAL JURISDICTION.**

21

22         In the event that a district court dismisses a matter for lack of subject matter jurisdiction,

23   that court "has no discretion" and "must dismiss all claims", including state law claims for which

24   it has been asked to exercise supplemental jurisdiction. <u>Herman Family Revocable Trust v. Teddy</u>

25   <u>Bear</u>, 254 F.3d 802, 806 (9th Cir. 2001); <u>Oliver,</u> 654 F.3d. at 911.

26         Here, Plaintiff's ADA claims must be dismissed for lack of subject matter jurisdiction

27   under Fed. R. Civ. P. 12(b)(1), as these claims are moot. Because the court no longer retains

28   subject matter jurisdiction over this matter, the court must also dismiss Plaintiff's corresponding

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

2537/011 -
00550192.DOCX.1

--------------------                            5                          --------------------
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT . . .**       (Case No. 5:16-cv-04064-HRL)

1   state law claims. Defendants therefore respectfully request that the Court also dismiss Plaintiff's

2   cause of action under California's Unruh Act.

3   **C.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
       FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE**

4   **GRANTED UNDER FED. R. CIV. P. 12(B)(6).**

5        A party may also move to dismiss a complaint for failure to state a claim for which relief

6   may be granted. Fed. R. Civ. P. 12(b)(6). Although material facts alleged in a complaint are

7   treated as true for purposes of ruling on such a motion, conclusory allegations, legal

8   characterizations, unreasonable inferences and deductions of fact are not considered in judging the

9   sufficiency of the pleadings. Pareto v. F.D.I.C., 139 F. 3d 696, 699 (9th Cir. 1998).

10       Where the elements of the affirmative defense of laches are apparent on the face of the

11   complaint, this defense may be asserted by means of a 12(b)(6) motion. Russell v. Thomas, 129 F.

12   Supp. 605 (S.D. Cal. 1955), citing Sullivan v. Portland and Kennebec Railroad Company, 94 U.S.

13   806 (1876). Laches applies when a plaintiff unreasonably delays filing suit and, as a result, the

14   defendant is prejudiced such that he is worse off than he would have been if plaintiff had enforced

15   his rights in a timely fashion. Romans v. Incline Village General Improvement District, 658 Fed.

16   Appx. 304, 307 (9th Cir. 2016). The party asserting the laches defense has the burden of making a

17   prima facie showing of prejudice; if that burden is met, then the burden shifts to the plaintiff to

18   show that either the asserting party was not prejudiced, or that plaintiff exercised reasonable

19   diligence in filing the claim. A plaintiff is found to have "unreasonably delayed" filing suit if he

20   can offer "no viable justification for the delay." Romans, 658 Fed. Appx. at 306.

21       Courts have recognized two forms of prejudice in the laches context: evidentiary prejudice

22   and expectations- based prejudice. Evidentiary prejudice occurs where plaintiff's delay in filing

23   suit results in "lost, stale, or degraded evidence, or witnesses whose memories have faded or who

24   have died." Romans, 658 Fed. Appx. at 307.

25       In Romans, an employee brought a discrimination action against his employer under the

26   ADA, but waited to do so until sixteen months after his claim with the Nevada Equal Rights

27   Commission ("NERC") was rejected. While the employee was still within the statute of

28   limitations to file suit, the district court held that the employee was barred from seeking relief

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

2537/011 -
00550192.DOCX.1

--------------------                                    6                                    --------------------
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT . . .**        (Case No. 5:16-cv-04064-HRL)

1   under the ADA by the doctrine of laches, as the delay had caused the possible loss of evidence

2   which could have been used in the employer's defense, prejudicing the employer. The Ninth

3   Circuit affirmed the district's court decision on appeal, and the employee was held to be barred

4   from seeking relief under the ADA. Romans, 658 Fed. Appx. at 306-307.

5          Here, the unreasonable delay in filing the Complaint and the prejudice to Defendants is

6   apparent from the face of the Complaint. Plaintiff alleges that supposed ADA violations existing

7   starting in March 2015, that he witnessed these violations again in April, May and June 2015, that

8   he then ignored the situation for eight months, came back in February, March and April 2016,

9   waited three more months, until July 2016 to file the Complaint and then delayed the service of

10  the Complaint numerous times until finally completing service almost another year later in May

11  2017.

12         Plaintiff's delay has significantly prejudiced Defendants. Had Defendants been timely

13  notified of Plaintiff's allegations, they might have been able to document the condition of the

14  Shopping Center around the time of the allegations; however, Defendant was not notified of these

15  alleged barriers until two years after Plaintiff alleges that he first visited the Shopping Center.

16  Defendants cannot now document the condition of the Shopping Center as of 2015, and have lost

17  the opportunity to gather evidence to support their defense.

18         The doctrine of laches is intended to prevent exactly this kind of prejudice from occurring.

19  Since the details set forth in Complaint show the existence of the laches defense, it is now

20  incumbent of Plaintiff to explain why his Complaint could not have been filed in 2015.  If he

21  cannot do so, his case must be barred.  For these reasons, Defendants respectfully request that if

22  for any reason the Court denies the issue of subject matter jurisdiction, the Court dismiss

23  Plaintiff's Complaint for failure to state a claim upon relief may be granted pursuant to Fed. R.

24  Civ. P. 12(b)(6).

### IV.

### CONCLUSION

27         Based on the foregoing, Defendants respectfully request that the Court dismiss the

28  Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or,

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

2537/011 -
00550192.DOCX.1

1   alternatively, for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P.

2   12(b)(6).

3                                              Respectfully submitted,

4   DATED: June 26, 2017                       PAHL & McCAY
                                               A Professional Law Corporation
5

6

7                                              By: /s/ Sarahann Shapiro
                                                   Sarahann Shapiro, Esq.
8
                                               By: /s/ Eric J. Stephenson
9                                                  Eric J. Stephenson, Esq.

10

11                                             Attorneys for Defendants
                                               JOSEPH P. MELEHAN and MAUREEN
                                               MELEHAN MACHADO
12

13

14

15

16

17

18

19

20

21

22

23

**Pahl & McCay**
A Professional Corp.   24
225 W. Santa Clara
Suite 1500
San Jose, CA 95113     25
(408) 286-5100

2537/011 -
00550192.DOCX.1        26

27

28