**PAHL & McCAY**
A Professional Law Corporation
**Sarahann Shapiro, Esq.** (State Bar No. 157122)
**Eric J. Stephenson, Esq.** (State Bar No. 282305)
225 West Santa Clara StreetSuite 1500
San Jose, California 95113-1752
Telephone:  (408) 286-5100
Facsimile:  (408) 286-5722
Email:  sshapiro@pahl-mccay.com
           estephenson@pahl-mccay.com

Attorneys for Defendants JOSEPH P. MELEHAN,
and MAUREEN MELEHAN MACHADO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON | Case No.  5:16-CV04064-HRL |
| Plaintiff | **DECLARATION OF SARAHANN SHAPIRO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)** |
| v. | |
| JOSEPH P. MELEHAN, Trustee of the Patricia Melehan Trust; MAUREEN MELEHAN MACHADO, Trustee of the Patricia Melehan Trust; and DOES 1-10 inclusive, | Date:  August 22, 2017 Time:  10:00 a.m. Dept:  Courtroom 2, 5th Fl. Judge:  Hon. Howard R. Lloyd |
| Defendants | Action Filed: July 19, 2016 Trial Date: TBA |

I, Sarahann Shapiro, declare as follows:

1.     After reviewing the Complaint, it appeared to me that the allegations contained in it might be moot.  Therefore, with authorization of Defendants, I hired a Certified Access Specialist to confirm that the barriers alleged in the Complaint did not exist.

2.     Since I reasonably believed that none of the barriers existed, I proceeded to call Plaintiff's counsel to meet and confer regarding the potential dismissal of the Complaint, rather than requiring me to file a Motion to Dismiss.

3.     I called several more times, asking for Plaintiff's counsel to return my call.  I never received a call back.

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00557256.DOCX.1

4.      In lieu of a call back after my final call, I received an email from Russell Handy, counsel for Plaintiff, who asked me to explain the basis of the Motion to Dismiss.  I sent him a detailed email setting out the basis of the Motion.   I requested that he get back to me in a short period of time so that I could respond to the Complaint.  Alternatively, I indicated that he could extend my time to respond if he needed a few more days to discuss this situation with his client.

5.      I received no response to this email.  At the end of that week, I sent another email indicating that I had assumed he wanted additional time and that I would wait to hear from him on my request to have the Complaint dismissed.

6.      After another week had gone by, I sent an email to Mr. Handy indicating that I would proceed to draft and file my Motion to Dismiss and requesting that he refrain from filing a Request for Entry of Default since he had not gotten back to me on the meet and confer process.

7.      A true and correct copy of the string of emails mentioned in the above paragraphs is attached hereto as Exhibit A.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:  June 26, 2017                      PAHL & McCAY
                                           A Professional Law Corporation



                                           By: /s/ Sarahann Shapiro
                                               Sarahann Shapiro, Esq.

                                           Attorneys for Defendants
                                           JOSEPH P. MELEHAN and MAUREEN
                                           MELEHAN MACHADO

Pahl & McCay
A Professional Corp
225 W  Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00557256.DOCX.1

DECLARATION OF SARAHANN SHAPIRO IN SUPPORT OF MOTION ...        (Case No. 5:16-CV04064-HRL)

**Sarahann Shapiro**

| | |
|---|---|
| **From:** | Sarahann Shapiro |
| **Sent:** | Monday, June 19, 2017 9:38 AM |
| **To:** | 'Russell Handy' |
| **Cc:** | 'Phyl Grace' |
| **Subject:** | RE: Johnson V. Melehan - Meet and Confer on Motion to Dismiss |

Hello!

It has now been two weeks and I still have not heard back from you regarding my request that you dismiss the suit against my clients. I will therefore assume that you are refusing to dismiss your Complaint and I will draft and file my Motion to Dismiss. Please confirm that you have calendared the date of my response as no earlier than July 10, 2017. If you expect a response on file earlier than that date, please inform me immediately. We have every intention of responding and no intention to allow this matter to go by default.

Sarahann

 **PAHL & McCAY**
A Professional Law Corporation

**Sarahann Shapiro**
Pahl & McCay, a Professional Law Corporation
**225 West Santa Clara, Suite 1500, San Jose, California 95113**
Main Phone: (408) 286-5100     Main Fax: (408) 286-5722
Email: sshapiro@pahl-mccay.com

**Confidentiality and Privilege.** This e-mail message, including attachments, is intended solely for review by the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. Review by anyone other than the intended recipient(s) shall not constitute a waiver of any ATTORNEY-CLIENT PRIVILEGE or ATTORNEY WORK PRODUCT PROTECTION that may apply to this communication. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message.

**Tax Advice Disclosure.** Any tax information or written tax advice contained in this email message, including attachments, is not intended to and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

---

**From:** Sarahann Shapiro
**Sent:** Friday, June 09, 2017 9:52 AM
**To:** 'Russell Handy'
**Cc:** 'Phyl Grace'
**Subject:** RE: Johnson V. Melehan - Meet and Confer on Motion to Dismiss

Hello!

Since I have not yet heard back from you on this e-mail, I will take that as your acceptance of my proposal, that my clients' deadline to respond be set three weeks after you get back to me on this meet and confer.

I look forward to hearing from you.

Sarahann

---

**From:** Sarahann Shapiro
**Sent:** Monday, June 05, 2017 10:33 AM
**To:** 'Russell Handy'
**Cc:** Phyl Grace
**Subject:** RE: Johnson V. Melehan - Meet and Confer on Motion to Dismiss

1

EXHIBIT/A

Hello!

My first question in my phone calls was to confirm the dates of service and response. According to my information, you completed service of the Complaint on May 31, so our response is due on or before June 21. Please let me know if you disagree with this response date.

With respect to the Motion to Dismiss, the primary basis is a lack of subject matter jurisdiction in the Federal court. If I am reading your Complaint correctly, your client alleges that he visited the property once per month in March, April, May and June 2015, and again in February, March and April of 2016. For each of these visits, he alleges that the parking lot lacked a van-accessible space and that the existing space was not laid out correctly. We have no information on the condition of the space as of 2015, but as the property exists today, none of these allegations are in fact true. As I understand it, the property has two disabled access spaces with a shared access aisle, one van accessible and one standard. Since none of the alleged violations exist, the court lacks subject matter jurisdiction.

In addition, although the statute of limitations for the earlier visits has not technically expired, we believe that the doctrine of laches also bars your Complaint. Based on a number of other cases that I have settled with your office, I know of no reason why your client could not have filed his complaint in 2015 since he certainly filed other Complaints relating to that time period that have passed through my office. But because he waited two years on this one, we have suffered severe evidentiary prejudice with respect to these claims. There is no way for us to investigate now the condition of the parking lot from two years ago. He alleges visiting the FastSigns store, but it will be nearly impossible for us to find any way to verify or deny that claim after two years. In short, the lengthy delay between those initial visits and the filing and service of the Complaint has caused such prejudice to our ability to investigate and defend that equity should bar the Complaint, especially when it is moot anyway.

I have settled a number of other matters with your office and if this case was appropriate for settlement, I would certainly discuss that. This particular case, however, should be dismissed.

Please let me know by Wednesday, June 7, 2017, if you are willing to dismiss this case. If you are not willing to dismiss it, please let me know which Tuesdays at 10:00 am in July and August you have open on your calendar so that I can schedule the motion. If you need more time to discuss this with your client and make a decision, I am happy to extend your time to get back to me if you will extend my time to respond until three weeks after you get back to me. Please note that I am out of the office most of next week with limited e-mail access, but will try to respond as promptly as possible to any e-mails that I receive.

I look forward to hearing from you.

Sarahann


**Sarahann Shapiro**
Pahl & McCay, a Professional Law Corporation
**225 West Santa Clara, Suite 1500, San Jose, California 95113**
Main Phone: (408) 286-5100     Main Fax: (408) 286-5722
Email: sshapiro@pahl-mccay.com

**Confidentiality and Privilege.** This e-mail message, including attachments, is intended solely for review by the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. Review by anyone other than the intended recipient(s) shall not constitute a waiver of any ATTORNEY-CLIENT PRIVILEGE or ATTORNEY WORK PRODUCT PROTECTION that may apply to this communication. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message.

**Tax Advice Disclosure.** Any tax information or written tax advice contained in this email message, including attachments, is not intended to and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

2

**From:** Russell Handy [mailto:russ@potterhandy.com]
**Sent:** Friday, June 02, 2017 3:07 PM
**To:** Sarahann Shapiro
**Cc:** Phyl Grace
**Subject:** Johnson V. Melehan

Ms. Shapiro

My staff informed me that you called to meet and confer over a motion to dismiss.
My phone reception is spotty today (I am away from the office) but I am more than happy to discuss through email.

What is the basis of the proposed motion?

**From:** Edwin Rodriguez
**Sent:** Friday, June 02, 2017 10:00 AM
**To:** Phyl Grace
**Cc:** Claire Cylkowski
**Subject:** Johnson V. Melehan

Sarah Ann Shapiro (Def-Atty) called.

Wants to get a confirmation on a response date to meet and confer to dimiss.

Hoping to get a call today.

She's in her office till noon today.

If not, she'll be available on Monday.

408-286-5100

Edwin Rodriguez
Assistant
EdwinR@potterhandy.com
Ph: (858) 375-7385
Fx: (888) 422-5191
POTTER HANDY, LLP
**Mailing Address:**
**P.O. Box 262490**
**San Diego, CA 92196-2490**
Delivery Address:
9845 Erma Road Suite 300
San Diego, CA 92131



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communica destroy all copies of the message. To contact us directly, send to info@potterhandy.com  Tax Opinion Disclaimer. To comply with IRS regulations, we advise that any discussion of Fed or written to be used, and cannot be used by you. (i) to avoid any penalties imposed under the Internal Revenue Code or, (ii) to promote, market or recommend to another party any tra