**PAHL & McCAY**
A Professional Law Corporation
**Sarahann Shapiro, Esq.** (State Bar No. 157122)
**Eric J. Stephenson, Esq.** (State Bar No. 282305)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone: (408) 286-5100
Facsimile: (408) 286-5722
Email: sshapiro@pahl-mccay.com
estephenson@pahl-mccay.com

Attorneys for Defendants JOSEPH P. MELEHAN,
and MAUREEN MELEHAN MACHADO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. MELEHAN, Trustee of the Patricia Melehan Trust; MAUREEN MELEHAN MACHADO, Trustee of the Patricia Melehan Trust; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:16-cv-04064-HRL<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**<br><br>Date: August 22, 2017<br>Time: 10:00 a.m.<br>Dept.: Courtroom 2, 5th Fl.<br>Judge: Hon. Howard R. Lloyd<br><br>Action Filed: July 19, 2016<br>Trial Date: TBA |

DEFENDANTS JOSEPH P. MELEHAN, and MAUREEN MELEHAN MACHADO, Trustees of the Patricia Melehan Trust, respectfully submit the following Request for Judicial Notice Pursuant to Federal Rule of Evidence 201:

| **RJN NO:** | **DATE/ TITLE/CASE** | **EXHIBIT** |
|---|---|---|
| 1 | PLAINTIFF SCOTT JOHNSON'S COMPLAINT FILED JULY 19, 2016, EXCERPTED PAGES 4-8<br>1, | A |

---
1
---
REQUEST FOR JUDICIAL NOTICE IN SUPPORT... (Case No. 5:16-cv-04064-HRL)

| | | |
|---|---|---|
| 2 | PROOF OF SERVICE BY PUBLICATION FILED BY PLAINTIFF | B |

DATED: June 26, 2017

PAHL & McCAY
A Professional Law Corporation

By: /s/ Sarahann Shapiro
Sarahann Shapiro, Esq.

Attorneys for Defendant
JOSEPH P. MELEHAN,
and MAUREEN MELEHAN MACHADO

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00553261.DOCX.
1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT... 2 (Case No. 5:16-cv-04064-HRL)

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson,** <br><br> Plaintiff, <br><br> v. <br><br> **Joseph P. Melehan,** Trustee of the Patricia Melehan Trust; <br> **Maureen Melehan Machado,** Trustee of the Patricia Melehan Trust; and Does 1-10, <br><br> Defendants. | **Case No.** 5:16-cv-04064-HRL <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Johnson complains of Defendants Joseph P. Melehan; Maureen Melehan Machado; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

1

Complaint

EXHIBIT A

**FACTUAL ALLEGATIONS:**

30. The Shopping Center is a facility open to the public, a place of public accommodation, and a business establishment.

22. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of the Shopping Center.

23. Unfortunately, the parking lot serving the Shopping Center is not accessible to persons with disabilities.

24. In March 2015, there was one standard disabled parking space at the Shopping Center.

25. In March 2015, there was no van accessible parking space at the Shopping Center.

26. In March 2015, Defendants failed to maintain the parking spaces in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

27. In March 2015, the standard disabled space measured less than 216 inches in length.

28. In March 2015, the standard disabled parking space did not have the required "Minimum Fine $250" signage.

29. In March 2015, the standard disabled parking space did not have the required tow-away signage.

30. In March 2015, the standard disabled space did not have the required adjacent access aisle.

31. In March 2015, the standard disabled space was not located closest to the accessible entrance it served.

32. In April 2015, there was one standard disabled parking space at the Shopping Center.

33. In April 2015, there was no van accessible parking space at the Shopping Center.

Complaint

34. In April 2015, Defendants failed to maintain the parking spaces in compliance with the ADAAG.

35. In April 2015, the standard disabled space measured less than 216 inches in length.

36. In April 2015, the standard disabled parking space did not have the required "Minimum Fine $250" signage.

37. In April 2015, the standard disabled parking space did not have the required tow-away signage.

38. In April 2015, the standard disabled space did not have the required adjacent access aisle.

39. In April 2015, the standard disabled space was not located closest to the accessible entrance it served.

40. In May 2015, there was one standard disabled parking space at the Shopping Center.

41. In May 2015, there was no van accessible parking space at the Shopping Center.

42. In May 2015, Defendants failed to maintain the parking spaces in compliance with the ADAAG.

43. In May 2015, the standard disabled space measured less than 216 inches in length.

44. In May 2015, the standard disabled parking space did not have the required "Minimum Fine $250" signage.

45. In May 2015, the standard disabled parking space did not have the required tow-away signage.

46. In May 2015, the standard disabled space did not have the required adjacent access aisle.

47. In May 2015, the standard disabled space was not located closest to the accessible entrance it served.

Complaint

48. In June 2015, there was one standard disabled parking space at the Shopping Center.

49. In June 2015, there was no van accessible parking space at the Shopping Center.

50. In June 2015, Defendants failed to maintain the parking spaces in compliance with the ADAAG.

51. In June 2015, the standard disabled space measured less than 216 inches in length.

52. In June 2015, the standard disabled parking space did not have the required "Minimum Fine $250" signage.

53. In June 2015, the standard disabled parking space did not have the required tow-away signage.

54. In June 2015, the standard disabled space did not have the required adjacent access aisle.

55. In June 2015, the standard disabled space was not located closest to the accessible entrance it served.

56. In February 2016, there was one standard disabled parking space at the Shopping Center.

57. In February 2016, there was no van accessible parking space at the Shopping Center.

58. In February 2016, Defendants failed to maintain the parking spaces in compliance with the ADAAG.

59. In February 2016, the standard disabled space measured less than 216 inches in length.

60. In February 2016, the standard disabled parking space did not have the required "Minimum Fine $250" signage.

61. In February 2016, the standard disabled parking space did not have the required tow-away signage.

Complaint

62. In February 2016, the standard disabled space did not have the required adjacent access aisle.

63. In February 2016, the standard disabled space was not located closest to the accessible entrance it served.

64. In March 2016, there was one standard disabled parking space at the Shopping Center.

65. In March 2016, there was no van accessible parking space at the Shopping Center.

66. In March 2016, Defendants failed to maintain the parking spaces in compliance with the ADAAG.

67. In March 2016, the standard disabled space measured less than 216 inches in length.

68. In March 2016, the standard disabled parking space did not have the required "Minimum Fine $250" signage.

69. In March 2016, the standard disabled parking space did not have the required tow-away signage.

70. In March 2016, the standard disabled space did not have the required adjacent access aisle.

71. In March 2016, the standard disabled space was not located closest to the accessible entrance it served.

72. In April 2016, there was one standard disabled parking space at the Shopping Center.

73. In April 2016, there was no van accessible parking space at the Shopping Center.

74. In April 2016, Defendants failed to maintain the parking spaces in compliance with the ADAAG.

75. In April 2016, the standard disabled space measured less than 216 inches in length.

Complaint

76. In April 2016, the standard disabled parking space did not have the required "Minimum Fine $250" signage.

77. In April 2016, the standard disabled parking space did not have the required tow-away signage.

78. In April 2016, the standard disabled space did not have the required adjacent access aisle.

79. In April 2016, the standard disabled space was not located closest to the accessible entrance it served.

80. Currently, there is one standard disabled parking space at the Shopping Center.

81. Currently, there is no van accessible parking space at the Shopping Center.

82. Currently, Defendants fail to maintain the parking spaces in compliance with the ADAAG.

83. Currently, the standard disabled space measures less than 216 inches in length.

84. Currently, the standard disabled parking space does not have the required "Minimum Fine $250" signage.

85. Currently, the standard disabled parking space does not have the required tow-away signage.

86. Currently, the standard disabled space does not have the required adjacent access aisle.

87. Currently, the standard disabled space is not located closest to the accessible entrance it serves.

88. Plaintiff visited Shopping Center twice in March 2015 to shop at Fast Signs.

89. Plaintiff visited Shopping Center in April 2015 to shop at Fast Signs.

90. Plaintiff visited Shopping Center twice in May 2015 to shop at Fast

Complaint

**San Jose Mercury News**
4 N. 2nd Street, Suite 800
San Jose, CA 95113
408-920-5332

3708504

POTTER HANDY, LLP
PO BOX 262490
SAN DIEGO, CA 92196-2490

## PROOF OF PUBLICATION
## IN THE CITY OF SAN JOSE
## IN THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

### FILE NO. 5:16-cv-04064 HRL

In the matter of

**San Jose Mercury News**

The undersigned, being first duly sworn, deposes and says: That at all times hereinafter mentioned affiant was and still is a citizen of the United States, over the age of eighteen years, and not a party to or interested in the above entitled proceedings; and was at and during all said times and still is the principal clerk of the printer and publisher of the San Jose Mercury News, a newspaper of general circulation printed and published daily in the City of San Jose, County of Santa Clara, State of California as determined by the court's decree dated June 27, 1952, Case Numbers 84096 and 84097, and that said San Jose Mercury News is and was at all times herein mentioned a newspaper of general circulation as that term is defined by Sections 6000; that at all times said newspaper has been established, printed and published in the said County and State at regular intervals for more than one year preceding the first publication of the notice herein mentioned. Said decree has not been revoked, vacated or set aside.

I declare that the notice, of which the annexed is a true printed copy, has been published in each regular or entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**05/10/2017, 05/17/2017, 05/24/2017, 05/31/2017**

Dated at San Jose, California
May 31, 2017

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

Principal clerk of the printer and publisher of the San Jose Mercury News

---

Legal No.   0005953034

**UNITED STATES DISTRICT COURT**
**for the**
**Northern District of California**

Scott Johnson
  Plaintiff
v.                              Civil Action No.
Joseph P. Melehan,              5:16-cv-04064 HRL
  Trustee of the Patricia
  Melehan Trust;
Maureen Melehan
  Machado, Trustee of the
  Patricia Melehan Trust;
  and Does 1-10
  Defendant

**SUMMONS IN A CIVIL ACTION**
To: Joseph P. Melehan, Trustee of the Patricia
Melehan Trust
2496 Cottle Ave, San Jose, CA 95125-4010
OR
5053 Gold Bnd, Truckee, CA 96161-4106

Maureen Melehan Machado, Trustee of the
Patricia Melehan Trust
16411 Matilija Dr, Los Gatos, CA 95030-3003

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 or the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
   Mark Potter, Esq., SBN 166317
   Center for Disability Access
   PO Box 262490, San Diego, CA 92196-2490
   9845 Erma Road, Suite 300,
   San Diego, CA 92131-1084
   Phone: (858) 375-7385 Fax: (888) 422-5191

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                          CLERK OF COURT
                          Susan Y. Soong
Date: July 20, 2016       /s/
                          Signature of Clerk or
                          Deputy Clerk
SJMN#5953034; May 10,17,24,31,2017

---

BP315-C2 03 17                    1

RECEIVED
EXHIBIT/B  JUN 05 2017

# San Jose Mercury News

4 N. 2nd Street, Suite 800
San Jose, CA 95113
408-920-5332

3708504

POTTER HANDY, LLP
PO BOX 262490
SAN DIEGO, CA 92196-2490

## PROOF OF PUBLICATION
## IN THE CITY OF SAN JOSE
## IN THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

### FILE NO. 5:16-cv-04064 HRL

In the matter of

### San Jose Mercury News

The undersigned, being first duly sworn, deposes and says: That at all times hereinafter mentioned affiant was and still is a citizen of the United States, over the age of eighteen years, and not a party to or interested in the above entitled proceedings; and was at and during all said times and still is the principal clerk of the printer and publisher of the San Jose Mercury News, a newspaper of general circulation printed and published daily in the City of San Jose, County of Santa Clara, State of California as determined by the court's decree dated June 27, 1952, Case Numbers 84096 and 84097, and that said San Jose Mercury News is and was at all times herein mentioned a newspaper of general circulation as that term is defined by Sections 6000; that at all times said newspaper has been established, printed and published in the said County and State at regular intervals for more than one year preceding the first publication of the notice herein mentioned. Said decree has not been revoked, vacated or set aside.

I declare that the notice, of which the annexed is a true printed copy, has been published in each regular or entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

05/10/2017, 05/17/2017, 05/24/2017, 05/31/2017

Dated at San Jose, California
May 31, 2017

I declare under penalty of perjury that the foregoing is true and correct.

_(signature)_

Principal clerk of the printer and publisher of the San Jose Mercury News

---

Legal No.      0005953034

UNITED STATES DISTRICT COURT
for the
Northern District of California

Scott Johnson
　Plaintiff
　v.                           Civil Action No.
Joseph P. Melehan,              5:16-cv-04064 HRL
Trustee of the Patricia
Melehan Trust;
Maureen Melehan
Machado, Trustee of the
Patricia Melehan Trust;
and Does 1-10
　Defendant

**SUMMONS IN A CIVIL ACTION**
To: Joseph P. Melehan, Trustee of the Patricia
Melehan Trust
2496 Cottle Ave, San Jose, CA 95125-4010
OR
5053 Gold Bnd, Truckee, CA 96161-4106

Maureen Melehan Machado, Trustee of the
Patricia Melehan Trust
16411 Matilija Dr, Los Gatos, CA 95030-3003

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 or the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
　Mark Potter, Esq., SBN 166317
　Center for Disability Access
　PO Box 262490, San Diego, CA 92196-2490
　9845 Erma Road, Suite 300,
　San Diego, CA 92131-1084
　Phone: (858) 375-7385  Fax: (888) 422-5191

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

　　　　　　　　　　CLERK OF COURT
　　　　　　　　　　Susan Y. Soong
Date: July 20, 2016    /s/
　　　　　　　　　　Signature of Clerk or
　　　　　　　　　　Deputy Clerk
SJMN#5953034; May 10,17,24,31,2017

**San Jose Mercury News**
4 N. 2nd Street, Suite 800
San Jose, CA 95113
408-920-5332

POTTER HANDY, LLP
PO BOX 262490
SAN DIEGO, CA 92196-2490

*Account Number:* 3708504

*Ad Order Number:* 0005953034

*Customer's Reference* SAN JOSE MERCURY NEWS
*/ PO Number:* / 5:16-cv-04064 HRL

*Publication:* San Jose Mercury News

*Publication Dates:* 05/10/2017, 05/17/2017, 05/24/2017, 05/31/2017

*Amount:*           $180.00

*Payment Amount:*   $180.00      *Payment Method:* Credit Card

BP315-02/09/17                                1