1  CENTER FOR DISABILITY ACCESS
   Mark Potter, Esq., SBN 166317
2  Phyl Grace, Esq., SBN 171771
   Mail: PO Box 262490
3       San Diego, CA 92196-2490
   Delivery: 9845 Erma Road, Suite 300
4       San Diego, CA 92131
   (858) 375-7385; (888) 422-5191 fax
5  Phylg @ potterhandy.com
        Attorneys for Plaintiff
6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 **Scott Johnson**,                    **Case:** 5:16-cv-04064-HRL

12        Plaintiff,                     **Plaintiff's Opposition to the**
                                         **Defendants' Motion to Dismiss**
13     v.
                                         **Date:**   August 22, 2017
14 **Joseph P. Melehan,** Trustee of the **Time:**   10:00 a.m.
   Patricia Melehan Trust;              **Ctrm:**   2 (5th Floor)
15 **Maureen Melehan Machado,**
   Trustee of the Patricia Melehan
16 Trust,                                Judge: Harold R. Floyd

17        Defendants.

18

19

20

21

22

23

24

25

26

27

28

---

Opposition to Motion to Dismiss           Case: 5:16-cv-04064-HRL

1
2

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES.........................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ..............................1

   I.    Issue presented ...............................................................1

   II.   Relevant facts ................................................................1

   III.  The Melehans' jurisdictional challenge is inappropriate as
        a 12(b)(1) motion ........................................................2

   IV.  The Melehans have not met the "formidable" burden of
        establishing mootness .................................................4

    A.  The Melehans have not established that the parking complies. ...4

    B.  The Melehans have not established that the violation will not
       recur ........................................................................6

   V.    Conclusion ............................................................... 10

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

Opposition to Motion to Dismiss          Case: 5:16-cv-04064-HRL

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*City of Mesquite v. Aladdin's Castle, Inc.,*

4

   455 U.S. 283 (1982) ..................................................................7

5

*Daubert v. Merrell Dow Pharms., Inc.,*

6

   509 U.S. 579 (1993) ..................................................................5

7

*Gen. Elec. Co. v. Joiner,*

8

   522 U.S. 136 (1997) ..................................................................6

9

*Kalani v. Starbucks Corp.,*

10

   81 F.Supp.3d 876 (N.D. Cal. 2015)......................................6

11

*Lozano v. C.A. Martinez Fam. Ltd. Partn.,*

12

   129 F.Supp.3d 967 (S.D. Cal. 2016) ....................................8

13

*Moeller v. Taco Bell Corp.,*

14

   816 F.Supp.2d 831 (N.D. Cal. 2011) ...................................9

15

*Plush Lounge Las Vegas LLC v. Hotspur Resorts Nevada Inc.,*

16

   371 Fed.Appx. 719 (9th Cir.2010) ........................................5

17

*Robert v. Corrothers,*

18

   812 F.2d 1173 (9th Cir. 1987) ...............................................3

19

*Rosales v. United States,*

20

   824 F.2d 799 (9th Cir. 1987) ..................................................3

21

*Safe Air for Everyone v. Meyer,*

22

   373 F.3d 1035 (9th Cir. 2004) ...............................................2

23

*Sharp v. Rosa Mexicano, D.C., LLC,*

24

   496 F. Supp. 2d 93 (D.D.C. 2007) .......................................7

25

*Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.,*

26

   711 F.2d 138 (9th Cir. 1983) ........................................... 2, 3

27

*Tandy v. City of Wichita,*

28

   380 F.3d 1277 (10th Cir. 2004)..............................................7

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States v. Concentrated Phosphate Export Ass'n,*

   393 U.S. 199 (1968) ...................................................................................6

**Statutes**

28 U.S.C. § 1746 ........................................................................................4

**Rules**

Fed. R. Civ. P. 43(c) .................................................................................4

Fed. R. Ev. 702 .........................................................................................5

Opposition to Motion to Dismiss                Case: 5:16-cv-04064-HRL

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.  Issue presented

4
5
6
7
8
9

On a 12(b)(1) motion, a court should not resolve disputed facts where the question of jurisdiction is intertwined with the merits of a claim. Here, Mr. Johnson's federal ADA claim is that the Melehan's shopping center fails to provide compliant, accessible parking. Yet, the Melehans ask this court to decide that very issue, i.e., whether compliant parking exists. Shouldn't this determination await summary judgment proceedings?

10
11

12

### II.  Relevant facts

13
14
15
16
17
18
19
20
21
22
23
24

Johnson is a quadriplegic who cannot walk and who uses a wheelchair for mobility and has a specially equipped van.[1] He sued the Melehans under the Americans with Disabilities Act, as the owners of a Shopping Center in San Jose, for failure to provide compliant accessible parking.[2] The Melehans have filed a motion to dismiss, claiming that the "access barriers alleged in the Complaint do not currently exist and the court therefore lacks subject matter jurisdiction."[3] The Melehans submit no admissible evidence to support this factual claim. Instead, they have attached the unsworn and inadmissible report of their expert. This motion is the first appearance in the case by the Melehans. There has been no discovery done. In fact, there is a discovery stay automatically imposed by General Order 56.

25
26
27
28

---

[1] Complaint, ¶ 1.

[2] Complaint, ¶¶ 30-87.

[3] Defense Brief (Dkt Entry 24-1), p.1, lines 26-27.

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

## III.  The Melehans' jurisdictional challenge is inappropriate as a 12(b)(1) motion

The Melehans have moved for dismissal on the basis that the court lacks subject matter jurisdiction. Dismissal for lack of subject matter jurisdiction in a case premised on federal-question jurisdiction is "exceptional."[4] The Melehans' motion is based entirely on the claim that the shopping center's parking complies with the ADA and, therefore, there is nothing for the court to enjoin under the federal statute.

While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion.

The problem with the motion is that the very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether Mr. Johnson can prevail. Mr. Johnson alleges that the Melehans' parking lot does not comply with state and federal accessibility laws. If that is true, Mr. Johnson wins and can obtain the injunction. If that is wrong, he loses. That is his federal case. The ultimate question in this case is whether the parking lot complies with accessibility laws.  The Melehans, however, ask this Court to answer that very question in determining whether it has jurisdiction.  This is improper.

The Ninth Circuit has repeatedly cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim.[5] In *Robert v.*

---

[4] *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983).

[5] *Sun Valley, supra*, 711 F.2d at 139-40; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

1    *Corrothers*, the Ninth Circuit held that: "The relatively expansive
2    standards of a 12(b)(1) motion are not appropriate for determining
3    jurisdiction in a case . . . where issues of jurisdiction and substance are
4    intertwined."[6]  This is an important exception to the general rule that a
5    court can consider extrinsic evidence on a 12(b)(1) motion challenging
6    jurisdiction. As the court explains, "A district court may hear evidence and
7    make findings of fact necessary to rule on the subject matter jurisdiction
8    question prior to trial, *if the jurisdictional facts are not intertwined with the*
9    *merits*."[7] Because the jurisdictional facts and the merits of Mr. Johnson's
10   claim are intertwined, the matter must be determined either under a Rule
11   56 standard or by the trier of fact.[8]

12          The question of jurisdiction and the merits of an action are
13   considered intertwined where the same statute provides the basis for both
14   the subject matter jurisdiction of the federal court and the plaintiff's
15   substantive claim for relief.[9] The Melehans can and should bring their
16   claims in the form of a Rule 56 motion. Additionally, the Court could
17   convert the motion to a summary judgment motion but given the fact that
18   this case is at its earliest stage, discovery has not even begun, Mr. Johnson
19   has not had a chance to conduct a site inspection to assess the claimed
20   changes, a summary judgment motion would be premature and unfair.
21   Had Mr. Johnson been given notice of a motion for summary judgment, he
22   would be in a positon to file a Rule 56(d) request for continuance or denial.

23
24
25
_____
26   [6] *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).
27   [7] *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) (emphasis added).
28   [8] *Id.*
     [9] *Sun Valley*, *supra*, 711 F.2d at 1138.

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

1      Simply put, this Court should not dismiss the action at this juncture
2 because the jurisdictional analysis is coextensive with the merits of
3 Plaintiff's ADA claim.

4

5

## IV.  The Melehans have not met the "formidable" burden of establishing mootness

     In order to establish that the federal claim has been rendered moot, the defense must establish two things: (1) that the violation has been fixed; and (2) that the violation cannot be reasonably expected to recur. The Melehans have not established either of these prongs.

### A.  The Melehans have not established that the parking complies.

     Even if it were appropriate for the Court to make determinations regarding the ultimate factual question on a motion to dismiss, the Melehans has not provided a sufficient showing. There is no admissible evidence before the Court to determine that the shopping center parking complies with the ADA.

     When a motion relies upon facts outside the record, the court can consider those facts if presented by affidavit, oral testimony, deposition or declarations made under penalty of perjury.[10] Here, the facts that the Melehans want the court to consider are the conclusions of expert Kim Blackseth.[11] But Mr. Blackseth does not present his findings or his facts in

---

[10] Fed. R. Civ. P. 43(c); 28 U.S.C. § 1746.

[11] *See* Docket Entry 24-2, Exhibit A.

Opposition to Motion to Dismiss      Case: 5:16-cv-04064-HRL

1    a declaration under penalty of perjury. Mr. Johnson, therefore, objects to
2    the introduction of Kim Blackseth's report and findings.

3           Additionally, even had Mr. Blackseth's conclusions been presented
4    in a declaration under penalty of perjury, they would still be objectionable.
5    While experts are permitted to present opinion testimony, that opinion
6    testimony must meet the requirements of Rule 702 of the Federal Rules of
7    Evidence. Under Rule 702, an expert must establish that his conclusions
8    and opinions are "based on sufficient facts or data," that was the produce
9    of "reliable principles and methods," and that "the expert has reliably
10   applied the principles and methods" in the case.[12] Here, Mr. Blackseth
11   does not even try to meet those requirements.

12          Mr. Blackseth does not tell us what methodology or tools he used to
13   reach his conclusions. In fact, Mr. Blackseth does not even state that he,
14   himself, even went to the shopping center. Mr. Blackseth's report says that
15   "we performed a site inspection," without identifying who the "we"
16   consists of. In fact, Mr. Blackseth – an expert used by plaintiff's counsel as
17   well – often does *not* go on site visits himself but relies on others to take
18   measurements.   But, here, we have no explanation about how Mr.
19   Blackseth reached his conclusions. He simply goes down the list of Mr.
20   Johnson's allegations and says, "we disagree . . . ." Where the report
21   provides measurements, there is no explanation about how those
22   measurement were obtained or by whom.

23          Mere "legal conclusions without underlying factual support . . .
24   constitute 'unsupported speculation' and are therefore inadmissible."[13] As

25   _____

26   [12] Fed. R. Ev. 702(b), (c), (d).

27   [13] *Plush Lounge Las Vegas LLC v. Hotspur Resorts Nevada Inc.*, 371
28          Fed.Appx. 719, 720 (9th Cir.2010), quoting *Daubert v. Merrell Dow*
            *Pharms., Inc.*, 509 U.S. 579, 590 (1993).

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

the Supreme Court explains: "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."[14] Thus, for an expert to declare (had there been a declaration) that a facility or element is in compliance with the ADA is improper. "Conclusory opinions that the facility is free of non-compliant issues, or that particular features, e.g., the accessible parking or point of sale, comply with all applicable access requirements, constitute improper legal conclusions."[15]

## B.   The Melehans have not established that the violation will not recur

The Melehans argue that the parking lot violations do not exist. In fact, the Melehans never admit that the violations ever existed. Thus, it is odd that the Melehans' motion is based on *mootness*. This suggests that the parking lot has been fixed sometime after Mr. Johnson's last visit. In any event, even if the Melehans had submitted competence evidence that the parking lot had been restriped to comply with the ADA requirements, this motion would still not establish mootness.

"The test for mootness...is a stringent one. Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways."[16] Moreover, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to

---

[14] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

[15] *Kalani v. Starbucks Corp.*, 81 F.Supp.3d 876, 882 (N.D. Cal. 2015).

[16] *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203-04 (1968) (citation and internal punctuation omitted).

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

1    determine the legality of the practice."[17] A claimed remedy "might

2    become moot if subsequent events make it absolutely clear that the

3    allegedly wrongful behavior could not reasonably be expected to recur."[18]

4    The Supreme Court calls this a "heavy burden."[19] One court, presiding

5    over an ADA case, summarized the standard as follows:

6        The burden of establishing mootness by voluntary
         compliance is a heavy one. A request for prospective relief can
7        be mooted by a defendant's voluntary compliance if the
         defendant meets the "formidable burden" of demonstrating
8        that it is "absolutely clear the allegedly wrongful behavior
         could not reasonably be expected to recur." Such a burden
9        will typically be met only by changes that are permanent in
         nature and that foreclose a reasonable chance of recurrence
10       of the challenged conduct.

11       [*Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir.
         2004) (internal cites and quotes omitted for readability).]
12

13       There are a number of ADA violations that are structural in nature

14   and their removal means that the violation cannot reasonably recur. For

15   example, if the barrier is an unramped step and the defendant physically

16   removes the step and replaces it with a permanent ramp, there is no

17   reasonable likelihood that the violation will be repeated. When the

18   removal of the barrier involves a "structural modification," it is unlikely

19   that the barrier will show up again in the future.[20]

20       We do not have a similar situation in the present case with the

21   parking. Parking lot striping is not structural and not permanent. Parking

22   lot striping is a violation that continually resurfaces at a particular site.

23

24   _____

25   [17] *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

26   [18] *Friends of the Earth,* 528 U.S. 167, 170 (2000).

27   [19] *Id.*

28   [20] *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 99 (D.D.C.
         2007)

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

1   Parking lot striping, especially at asphalt parking lots such as in this case,
2   needs to be redone every few years.

3       A recent case with almost identical facts is found in *Lozano v. C.A.*
4   *Martinez*.[21] In *Lozano*, the plaintiff sued under the ADA for the failure to
5   provide accessible parking spaces. The defense moved for dismissal,
6   arguing that the plaintiff's federal claim was moot:

7       Defendants contend that Plaintiff's ADA claim is moot
8       because in March 2014, after receiving notice of Plaintiff's
        Complaint, Defendants refreshed the paint on all of the
9       disabled-reserved parking spaces (16 parking spaces with
        eight access aisles). The Swap Meet has also adopted new
10      policies and procedures for maintenance of the disabled-
11      reserved parking spaces to take into account the effect that
        sun-rays have on paint.

12              [*Lozano*, 129 F.Supp.3d at 970.]

13  The District Court denied the motion, finding that "[a]lthough the
14  defendants have taken steps in the right direction to assure that the
15  handicap parking spaces stay in compliance with the ADA, the Court
16  cannot conclude that Plaintiff's claims for injunctive relief are now
17  moot."[22] The Court noted the "formidable burden" that a defendant must
18  reach to present a voluntary cessation argument, and pointed out the
19  obvious: "there is no guarantee that Defendants won't just fail to follow
20  through with their new policy of vigilantly inspecting the accessible
21  parking spaces. Unlike cases where defendants would have to undo
22  structural alterations to violate the ADA or would have to actively
23  implement different policies, here, Defendants could run afoul of the ADA
24  in the future by mere inaction and allowing the paint on the accessible
25  spaces to fade."[23]

26  _____
27  [21]*Lozano v. C.A. Martinez Fam. Ltd. Partn.*, 129 F.Supp.3d 967 (S.D. Cal. 2016).
28  [22] *Lozano*, 129 F.Supp.3d at 970
    [23] *Lozano*, 129 F.Supp.3d at 971.

8

1   In this case, because the parking lot striping will fade and will need
2   to be repainted every few years, it is very easy for the Melehans to return to
3   their previous ways and not provide a compliant parking lot. The *Moeller*
4   case is very much on point.[24] *Moeller* involved a class action against Taco
5   Bell for commonly seen ADA violations at their stores. One of those
6   violations was improperly striped and maintained parking lots. The *Moeller*
7   court rejected the defense argument that merely because the defendant
8   had fixed the violations, the ADA claim was moot. The court found that,
9   among other reasons, "the evidence showed that a number of architectural
10   elements in Taco Bell restaurants are subject to frequent change . . .
11   including parking striping . . . ."[25]

12   It is uncontestable that failure to maintain parking lot striping is one
13   of those frequently occurring, easily recurring violations and where a
14   defendant has demonstrated a past apathy toward its legal obligations and
15   a failure to comply with the law, a "voluntary" fix after being hauled into
16   court does not meet the "formidable burden of demonstrating that it is
17   absolutely clear the alleged wrongful behavior could not reasonably be
18   expected to recur."[26]

19
20
21
22
23
24
25
26
27   [24] *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831 (N.D. Cal. 2011).
     [25] *Moeller*, 816 F.Supp.2d at 862.
28   [26] *Id.* at 860, *quoting*, *Friends of the Earth, Inc.*, 528 U.S. at 190.

Opposition to Motion to Dismiss                    Case: 5:16-cv-04064-HRL

1

**V.   Conclusion**

2

     Mr. Johnson respectfully requests this Court deny the motion.

3

4

Dated: July 12, 2017     CENTER FOR DISABILITY ACCESS

5

6

     By: /s/ Mark Potter

7

     Mark Potter, Esq.

8

     Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Motion to Dismiss     Case: 5:16-cv-04064-HRL