**PAHL & McCAY**
A Professional Law Corporation
**Sarahann Shapiro, Esq.** (State Bar No. 157122)
**Eric J. Stephenson, Esq.** (State Bar No. 282305)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone:  (408) 286-5100
Facsimile:  (408) 286-5722
Email:  sshapiro@pahl-mccay.com
         estephenson@pahl-mccay.com

Attorneys for Defendants
JOSEPH P. MELEHAN and
MAUREEN MELEHAN MACHADO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON | Case No.  5:16-CV04064-HRL |
| Plaintiff | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)** |
| v. | |
| JOSEPH P. MELEHAN, Trustee of the Patricia Melehan Trust; MAUREEN MELEHAN MACHADO, Trustee of the Patricia Melehan Trust, | |
| Defendants | Date:  August 22, 2017 Time: 10:00 a.m. Assigned to: Hon. Harold R. Lloyd Dept: Courtroom 2, 5th Fl. Action Filed: July 19, 2016 Trial Date: TBA |

## I.

## INTRODUCTION

Defendants JOSEPH P. MELEHAN and MAUREEN MELEHAN MACHADO, (collectively "Owners"), hereby submit this reply brief in support of their Motion to Dismiss the Complaint of Plaintiff SCOTT JOHNSON  for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, for lack of subject matter jurisdiction  pursuant to Fed. R. Civ. P. 12(b)(1).

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

II.

**STATEMENT OF FACTS**

As stated in the moving papers of this Motion, Plaintiff served the Complaint by publication on or about May 31, 2017, alleging that the parking lot at the property owned by Defendant Owners had certain, specific structural defects which violated accessibility requirements of the Americans with Disabilities Act ("ADA"). Plaintiff claims standing to bring this suit based on a series of visits he alleges to have made to the shopping center, located at 1224-1228 South Bascom Avenue in San Jose, California (the "Shopping Center"), starting in March 2015. Specifically, the Complaint sought an injunction to cause Owners to perform the following:

A. Create a van accessible disabled parking space;

B. Change the configuration of the standard disabled parking space to be no less than 216 inches in length and add an adjacent access aisle;

C. Install a minimum fine sign;

D. Install an unauthorized vehicle towing sign;

E. Assure that the physical location of the parking spaces correctly services the various stores in the Shopping Center.

Owners believe, as stated in their moving papers, that their parking lot already contains these physical features. To prove this, Owners, through their counsel of record, hired a Certified Access Specialist ("CASp"), Kim R. Blackseth, to confirm this. Mr. Blackseth has practiced in the area of disability compliance for the past thirty years and has offered testimony as an expert in hundreds of litigated matters. [Declaration of Kim R. Blackseth ("Blackseth Dec."), ¶¶2-3.] Mr. Blackseth provided a report, dated June 14, 2017, which stated that none of the barriers alleged by Plaintiff in the Complaint are currently present and that all of the requirements which Plaintiff demanded, and for which injunctive relief could have issued, have been met. [Blackseth Dec., ¶6, Exhibit B.] Although the presence of these features can be verified by a visual inspection and a tape measure, Mr. Blackseth's declaration includes a description of the manner and methodology he used to conduct this inspection as demanded by Plaintiff. [Blackseth Dec., ¶5-10.]

The Motion to Dismiss Plaintiff's Complaint was electronically filed and served on June

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES. . . .**                    (Case No. 5:16-CV04064-HRL)

26, 2017. Pursuant to Local Rule 7-3, Plaintiff's Opposition to this Motion was due by July 10, 2017. The Opposition, however, was not filed until July 12, 2017.  Owners would normally have seven days to complete a reply memorandum pursuant to Local Rule 7-3, but has now lost two of those days due to Plaintiff's untimely filing.  According to a review of the docket in this matter, Plaintiff has repeatedly ignored the court's rules and deadlines, but to date has suffered no consequences by reason of these failures.

While Plaintiff's Opposition argues at great length about the mootness of the Complaint and the 12(b)(1) portion of the Motion, it is completely silent on the alternative grounds for granting the Motion to Dismiss under Section 12(b)(6) raised by Owners, namely the doctrine of laches and the undue prejudice caused by Plaintiff's lengthy delay in filing and serving its suit, rendering it impossible for Owners to develop much of the evidence necessary to defend against the factual allegations of the Complaint.

## III.

## LEGAL ARGUMENT

### A.   PLAINTIFF'S OPPOSITION MUST BE STRICKEN AS UNTIMELY.

Local Rule 7-3 of the United States District Court for the Northern District of California states that an opposition must be filed and served not more than fourteen days after the motion was filed.  Additionally, under this rule, the moving party's reply must be filed and served the following week, giving the moving party five business days to research, draft and file it.

Plaintiff did not file and serve his Opposition until two days after it was due. Plaintiff's failure to comply with Local Rule 7-3 has severely prejudiced Owners by shortening their reply time by two business days or forty percent (40%) of the time which Owners should have had available.  This conduct is but the latest example of Plaintiff's recurring dilatory conduct, yet another instance in which Plaintiff simply ignores the Court's rules and deadlines.  Owners are convinced that until there are consequences to this sort of blatant disregard for the procedures of the Court, Plaintiff's contemptuous attitude towards these procedural requirements will continue. For these reasons, both to correct the prejudice caused to Owners, and to deter Plaintiff from future dilatory and disrespectful conduct, Owners request that that the Court strike Plaintiff's

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

Opposition in its entirety and proceed as if the Opposition had not been filed.

**B.     PLAINTIFF CONCEDES THAT HIS COMPLAINT IS BARRED BY THE DOCTRINE OF LACHES.  THE MOTION TO DISMISS SHOULD THEREFORE BE GRANTED ON THAT BASIS.**

In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.  Jenkins v. County of Riverside, 398 F. 3d 1093, 1095, note 4 (9th Cir. 2005); Linder v. Bridge, 2015 WL 1778608 (N.D. Cal. 2015); Song fi Inc., v. Google, Inc., 108 F. Supp. 3d 876, 888 (N.D. Cal. 2015).   Where a defendant files a motion to dismiss a plaintiff's complaint and the plaintiff fails to address particular arguments in the motion stating why the claims should be dismissed, the Court may dismiss the claims.  Allen v. Dollar Tree Stores, Inc., 475 Fed. Appx. 159 (9th Cir. 2012).

As set forth specifically in the moving papers, Owners seek to have the Complaint dismissed on two alternative grounds, mootness and laches.  The Opposition Brief is completely silent on the laches issue and the alternative request for dismissal under Rule 12(b)(6).  Plaintiff has therefore conceded that his unreasonable and lengthy delay in filing and serving the Complaint has caused significant prejudice to Owners and unreasonably interfered with Owners' ability to develop evidence with which to defend themselves against the merits of Plaintiff's allegations.  Owners' affirmative defense of laches has therefore been established.  Since this affirmative defense is a complete bar to Plaintiff's action, and since there is no way to remedy this time-caused prejudice, nor any way for Plaintiff to amend its Complaint to defeat this defense, this Court should dismiss the Complaint without leave to amend under Fed. R. Civ. P. 12(b)(6).

**C.     PLAINTIFF'S COMPLAINT IS MOOT AND SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1).**

**1.     Granting This Motion Does Not Require A Determination of the Merits of the Case.**

Plaintiff, in his Opposition, claims that the Court may not dismiss the Complaint because the Court will need to address the "merits of the case" in order to resolve the Motion.  To support this argument, Plaintiff provides a generic list of cases which do not involve the adjudication of issues under the ADA or deal with the mootness question involved here.  Plaintiff attempts to

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

stretch these cases to cover this Complaint by incorrectly stating that this motion requires the court to determine all of the merits of the case, including whether the parking lot complies with accessibility laws before it can be granted.  Nothing could be further from the truth.

To begin with, proving the merits of a case for discrimination of the type brought by Plaintiff requires that Plaintiff prove that he is a qualified individual, that the Shopping Center is a place of public accommodation that offers parking as an amenity to its customers, that he visited the Shopping Center on the dates stated, that he encountered the stated barriers on those dates, and that those barriers unreasonably interfered with his ability to visit the stores in the Shopping Center.  Consideration of absolutely none of these items is required for the Court to dismiss this matter.  In fact, these items cannot be considered by the Court at all, since the establishment of the doctrine of laches as set forth above bars the action from moving forward on its merits.

Further, whether the parking lot is fully compliant in every aspect is not a question before the Court and may not be considered in deciding this motion.  As the Ninth Circuit stated in Oliver, where a Court is adjudicating a complaint under the Americans with Disabilities Act, it may not consider evidence of any access barriers that were not alleged in the Complaint. Oliver v. Ralphs Grocery Co. 654 F. 3d. 903, 908 (9th Cir. 2011).  Therefore, the only determination that the Court must make to grant this Motion under 12(b)(1) is that the five specific, physical characteristics demanded in the Complaint already exist at the Shopping Center as of now.  This does not require a trial of the merits.  Thus Plaintiff's "merits" argument is inapplicable and the Court should proceed to dismiss this case.

**2.      Owners Have Established That The Five Alleged Failures of the Parking Lot Do Not Exist Today.**

Plaintiff's Opposition fails to contradict the findings of Owners' CASp report, and does not even allege that the claimed access barriers currently exist at the Shopping Center.  Instead, Plaintiff only attacks the current condition of the parking lot by attacking the admissibility of Owners' evidence.

As shown above, where a party fails to contest a matter raised in the moving papers, such matter is waived or conceded.  Therefore, since Plaintiff makes no other argument about the

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES. . . .**          (Case No. 5:16-CV04064-HRL)

1   current condition of the Shopping Center parking lot, once Owners have overcome Plaintiff's

2   admissibility argument, the Court should find that the parking lot does not contain the physical

3   barriers alleged in the Complaint, that no injunctive relief is available with respect to the

4   Complaint, and that the Complaint should be dismissed.

5        Plaintiff complains that the evidence offered is not in a proper form, does not show

6   sufficient facts and data and does not explain the methodology used to come to its conclusions.

7        While such arguments might be of value in a case involving issues of slope, door pull

8   tension, or other technical matters for which many different methods of determination may exist,

9   no such technical issue exists in this case.  The non-existence of almost every one of the above

10  alleged access barriers can be confirmed by a simple visual inspection of the Shopping Center

11  parking lot by anyone.  The non-existence of the remaining barriers can be easily determined with

12  a tape measure.  The only data required is a set of pictures and specialized knowledge is not

13  required to take them.

14       In an abundance of caution, however, Owners have filed, concurrently with this Reply, the

15  Declaration of Kim R. Blackseth, wherein he provides the methodology he used to make the

16  findings in the report and in which his expert qualifications are established.  As stated previously,

17  Mr. Blackseth made a visual inspection of the Shopping Center parking lot and memorialized that

18  inspection with a series of photographs that are included in the report.  As detailed in the moving

19  papers, Mr. Blackseth's findings are that none of the alleged barriers currently exist at the

20  Shopping Center and no remediation is required to address any of them.

21       Therefore, having overcome the procedural objections to the expert's opinion and report,

22  Owners have established that the parking lot contains the necessary features, no injunctive relief is

23  available and this Court should therefore dismiss the Complaint as moot.

24  **D.    RECURRENCE IS NOT A REASONABLE ISSUE IN THIS CASE
          BECAUSE OF THE NATURE OF THE ALLEGED BARRIERS. THE
25        CASE IS THEREFORE MOOT.**

26        **1.    The Correction of Physical, Structural Features Is Not Subject
                 to the Voluntary Cessation Doctrine and that Doctrine Is
27               Therefore Inapplicable to the Case at Bar.**

28        Where there is no reasonable expectation that an alleged violation will recur, and where

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

interim relief or events have completely and irrevocably eradicated the effects of the alleged

violation, a case is considered moot. <u>America Cargo Transport, Inc. v. United States</u>, 625 F.3d

1176, 1179 (9th Cir. 2010), citing <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979).

Where physical, structural modifications have been made to redress claimed barriers, there

is no reasonable expectation of recurrence and the voluntary cessation doctrine does not apply.

<u>Brooke v. Kalthia Group Hotels</u>, 2015 WL 7302736, 7 (S.D. Ca 2015); <u>Hickman v. State of

Missouri</u>, 144 F.3d 1141, 1144 (8th Cir. 1998), quoting <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402

(1975); <u>Sharp v. Rosa Mexicano, D.C., LLC</u>, 496 F. Supp. 2d 93, 99 (D.C. 2007).

It is unreasonable to presume that an owner that has removed barriers by making physical

modifications is going to undo those modifications or that the harm included in the complaint is

likely to recur.  In <u>Oliver v. Ralph's Grocery Co.</u>, 654 F. 3d 903, 905 Note 5 (9th Cir. 2011), the

barriers that were removed included the lack of a tow away sign, correction of signage at the van

accessible space and painting a stop sign on the pavement, which were corrected by the

installation of signage and the placement of paint.  In <u>Brooke</u>, *supra*, the barrier was a lack of a lift

in the pool, which had been installed by the time of the opinion.  In <u>Sharp</u>, *supra*, the barriers were

a lack of railings and a compliant sink, which had been installed.  And in <u>Tandy v. City of

Wichita</u>, 308 F.3d 1277, 1291 (10th Cir. 2004), cited by Plaintiff, the barriers were a lack of lifts

on buses and incorrect bus driver policies, which were corrected by the purchase of new buses and

implementation of a new policy.  In <u>Tandy</u>, the court stated that nothing in the record of the case

indicated that Witchita Transit intended to resume its discontinued policies if the case was

dismissed.

In the present case, assuming *arguendo* that the barriers about which Plaintiff complains

existed in 2016, physical, structural modifications have been made to remove those barriers and

there is no evidence before the court to suggest in any way that these barriers are reasonably likely

to recur.  Signs on poles are now present in the parking lot, a van accessible space in tandem with

a standard space, with a compliant access aisle and ramp now exist in the proper location and all

of these accessibility features are of the correct size.  There is no reason to believe that Owners are

going to remove these features if this case is dismissed and it is not reasonable to make such a

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES. . . .**          (Case No. 5:16-CV04064-HRL)

claim.  Since, according to Plaintiff, these features didn't exist before, there is no record on which to base any sort of claim that they will be removed or lack maintenance in the future.  Therefore, there is no likelihood of recurrence whatsoever and the voluntary cessation doctrine is wholly inapplicable.

Plaintiff makes a weak argument, from the cases of <u>Lozano v. C.A. Martinez Family Ltd. Partnership</u>, 129 F. Supp. 3d 967 (S.D. Cal. 2015), and <u>Moeller v. Taco Bell Corp.</u>, 816 F. Supp. 2d. 831 (N.D. Cal. 2011), that they can continue in this litigation.  But the <u>Lozano</u> case involved a parking lot which contained accessible features where the paint had faded over time.  Since the past lack of maintenance showed the likelihood of future maintenance failures, the case was allowed to continue.  And in <u>Taco Bell</u>, the court found that, while Taco Bell had changed its policies and promised frequent inspections, Taco Bell had a lengthy history of ignoring its policies and skipping inspections.  Since in each of these cases, the specific conduct alleged to create the barrier had a track record of recurrence, future recurrence was reasonably likely and the plaintiffs were seeking prospective relief to bar the defendants from continuing in this repetitive conduct.  No such issues or history exist here.  In this case, features which were alleged not to exist now exist and there is no reason to believe that Owners will remove those features.  Even if every allegation of Plaintiff's complaint was taken as true, nothing in the Complaint seeks prospective redress for ongoing and repetitive issues.  Therefore, the voluntary cessation doctrine is inapplicable and this case should be dismissed.

> **2.      Plaintiff's Claim That Owners Will Fail to Maintain Paint Striping Is Not Ripe For Determination and Cannot Sustain the Current Action.**

The rationale of the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." <u>Lee v. State of Oregon</u>, 107 F.3d 1382, 1387-1388 (9th Cir. 1997) (citing <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148 (1967). A claim is not ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Bova v. City of Medford</u>, 564 F.3d 1093, 1096 (9th Cir. 2009) (citing <u>Texas v. United States</u>, 523 U.S. 296 , 300 (1998). If the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES. . . .**

1  and particularized enough to establish the injury-in-fact requirement of standing. <u>Bova</u>, 564 F.3d

2  at 1096 (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992).

3      Plaintiff's allegation of a potential new and different access barrier which may occur years

4  from now, failure to maintain the parking lot paint, is not ripe for review by the Court and cannot

5  save the current action from its mootness.  The current Complaint in no way implicates a failure to

6  maintain the parking lot striping or a failure to maintain any other existing features.  Instead, it

7  demands an injunction requiring the installation of features, signage, access aisles and parking

8  spaces, which the Complaint alleges did not exist.  Plaintiff is therefore attempting to allege that a

9  future violation, which has not been shown to have ever occurred in the past, could occur years

10  from now.  This is too speculative and hypothetical to sustain the current action and, as such, any

11  such issue is not ripe for adjudication at this time.  This Complaint must be dismissed as moot.

## IV.

## <u>CONCLUSION</u>

14      For all of the above-mentioned reasons, Defendants JOSEPH P. MELEHAN and

15  MAUREEN MELEHAN MACHADO respectfully request that this Court dismiss Plaintiff's

16  Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P.

17  12(b)(6), and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

18      Respectfully submitted,

19  DATED:  July 17, 2017.      PAHL & McCAY
    A Professional Law Corporation

22      By: /s/ Sarahann Shapiro
    Sarahann Shapiro, Esq.

23      Attorneys for Defendants
    JOSEPH P. MELEHAN and MAUREEN
    MELEHAN MACHADO

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2537/011 -
00562853.DOCX.1

--------------------
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES. . . .**      9      --------------------
(Case No. 5:16-CV04064-HRL)