UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH P. MELEHAN, Trustee of the Patricia Melehan Trust; MAUREEN MELEHAN MACHADO, Trustee of the Patricia Melehan Trust; and DOES 1-10,<br><br>　　　　Defendants. | Case No. 5:16-cv-04064-HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**<br><br>Re: Dkt. No. 24 |

According to his complaint, plaintiff Scott Johnson is a quadriplegic who uses a wheelchair for mobility and has a specially equipped van. He filed this action alleging that, due to the presence of barriers in the parking lot of a shopping center at 1224-1228 South Bascom Avenue in San Jose, he was denied full and equal access during visits in March, April, May, and June 2015 as well as in February, March, and April 2016. Johnson says that there was only one standard disabled parking space and no van accessible parking space. As for the standard disabled parking space, plaintiff says that it measured less than 216 inches in length; lacked required signage; did not have an adjacent access aisle; and was not located closest to the accessible entrance it served. Johnson asserts a claim for violation of the Americans with Disabilities Act of

1990 ("ADA" or "Act") (42 U.S.C. §§ 12101, et seq.) and one for violation of the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53).

Defendants Joseph P. Melehan and Maureen Melehan Machado, the owners of the subject property, now move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. They claim that the violations alleged in the complaint do not exist, that Johnson's ADA claim therefore is moot, and that the court has no authority to exercise supplemental jurisdiction over the state law claim. Alternatively, defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that this action is barred by laches. They contend that delays in filing this suit and in effecting service of process have resulted in the loss and degradation of evidence that they would need to defend against plaintiff's allegations. Plaintiff opposes the motion, but failed to address the laches issue at all.[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as the oral arguments presented,[2] the court grants the motion to dismiss for lack of jurisdiction and does not reach defendants' alternate Fed. R. Civ. P. 12(b)(6) motion for dismissal.

**DISCUSSION**

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir.2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. "In resolving a factual attack on jurisdiction, the district court may

---

[1] Defendants correctly note that plaintiff's opposition was filed 2 days late, see Civ. L.R. 7-3(a), and they move to strike it on that basis. Plaintiff did not provide an explanation for his tardy filing, nor did he ask for leave to submit a belated one. And, indeed the docket shows that this is only the latest in a series of failures by plaintiff to comply with deadlines. Given the dispositive nature of the present motion, however, the court declines to strike the late opposition.

[2] Plaintiff did not appear for the motion hearing.

2

review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." Id. (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (citation omitted).

As discussed, defendants raise a factual attack on jurisdiction, claiming that none of the alleged violations exist and that Johnson's ADA claim is moot. "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011) (citation omitted). Defendants submit the report of their retained expert, Kim Blackseth, who says that he inspected the premises on May 30, 2017 and found that the violations alleged in the complaint do not exist. (Dkt. 29-1, Blackseth Declaration & Ex. A). In particular, he avers that (1) there was a van accessible parking space on the premises; (2) the standard disabled parking space had an adjacent access aisle and the required signage with tow-away and "Minimum Fine $250" language; and (3) the standard disabled parking space was located on the shortest accessible route to the accessible entrances. (Id. ¶ 7). Blackseth further states that, using a tape measure, he confirmed that the standard disabled parking space and the adjacent aisle were both 216 inches in length. (Id. ¶ 8).

Plaintiff argues that dismissal under Fed. R. Civ. P. 12(b)(1) is improper because the jurisdictional issue is intertwined with the merits of his ADA claim, i.e. whether the parking lot is ADA-compliant. The Ninth Circuit has "held that a [j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." Safe Air for Everyone, 373 F.3d at 1039 (quoting Sun Valley Gasoline, Inc. v. Ernst Enters., 711 F.2d 138, 139 (9th Cir. 1993)). However, that does not necessarily mean that motions of this kind can never be granted in the ADA context. Indeed, in Brooke v. Kalthia Group Hotels, the district court did just that. No. 15cv1873-GPC (KSC), 2015 WL 7302736 (S.D. Cal., Nov. 18,

3

2015). Here, plaintiff failed to produce any evidence raising a genuine dispute as to defendants' evidence about the current condition of the parking lot. He only asserted evidentiary objections to Blackseth's report---objections that the court finds have been addressed by Blackseth's declaration submitted with defendants' reply brief.[3]

Nor has plaintiff convincingly demonstrated that the voluntary cessation doctrine precludes a finding of mootness here. Under that doctrine, defendants "bear[] the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000)). Courts generally hold "that where structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future." Id. Plaintiff cites cases indicating that parking lot striping requires periodic maintenance. See, e.g., Lozano v. C.A. Martinez Family Ltd. Partnership, 129 F. Supp.3d 967, 970-71 (S.D. Cal. 2015); Moeller v. Taco Bell Corp., 816 F. Supp.2d 831, 862 (N.D. Cal. 2011). However, based on the unrefuted evidence presented, the court finds that the modifications made to the parking lot (e.g., installation of a van accessible space, signage, and an accessible aisle with the standard disabled parking space) are more akin to structural changes that courts generally deem permanent enough to assure that the violation will not recur. See, e.g., Oliver, 654 F.3d at 906 n.5 (affirming the district court's conclusion that modifications in tow-away signage, signage in a van accessible stall, and the painting of a stop sign on the pavement at the accessible route were among the types of features that mooted the plaintiff's claim). Moreover, while it is unclear precisely when defendants made these modifications, unlike in Lozano and Moeller, there is no evidence before the court of a history of lapses in compliance with the ADA.

Accordingly, the court grants defendants' motion to dismiss the ADA claim for lack of subject matter jurisdiction based on mootness and does not reach the alternate motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Because the ADA claim has been dismissed for lack of subject matter jurisdiction, the court has no discretion to retain jurisdiction

---

[3] Plaintiff filed no objections to that declaration, and the time for doing so has passed. Civ. L.R. 7-3(d)(1). Plaintiff's objections are overruled.

4

over plaintiff's state law claims, and those claims are dismissed without prejudice.

**ORDER**

Based on the foregoing, defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss the ADA claim for lack of subject matter jurisdiction is granted. Plaintiff's state law claim is dismissed without prejudice. The clerk shall enter judgment accordingly and close this file.

SO ORDERED.

Dated: August 22, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-04064-HRL Notice has been electronically mailed to:

Dennis Jay Price , II     DennisP@potterhandy.com

Eric J. Stephenson     estephenson@pahl-mccay.com

Mark Dee Potter     mark@potterhandy.com, russ@potterhandy.com, sts@potterhandy.com, wesleyc@potterhandy.com

Mary Irene Melton     MaryM@PotterHandy.com, sts@potterhandy.com, wesleyc@potterhandy.com

Phyl Grace     phylg@potterhandy.com, sts@potterhandy.com, wesleyc@potterhandy.com

Raymond George Ballister , Jr     rayballister@potterhandy.com

Sarahann Shapiro     sshapiro@pahl-mccay.com, echavarria@pahl-mccay.com, estephenson@pahl-mccay.com, mgarcia@pahl-mccay.com, mkarczewski@pahl-mccay.com